## THE NORFOLK AND NEW BRUNSWICK HOSIERY COMPANY v. ANNA M. ARNOLD.

Submitted March 20, 1899—Decided June 12, 1899.

63  379
s64  254

In an agreement that granted to the plaintiff rights in certain patents owned by the defendant the latter agreed to furnish to the plaintiff as many Anchor sewing machines as the plaintiff desired, "the same to be used only by the [plaintiff] or its licensees, and. the same to be returned on the termination of this contract to the [defendant] on her repayment to the [plaintiff] the original cost of said Anchor sewing machines and appurtenances so returned." *Held,* that by the language quoted an option was given to the defendant to have the machines returned by making repayment of their original price, and that there is no unqualified agreement to make payment for machines returned at the will of the plaintiff.

On demurrer to declaration.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *Willard P. Voorhees.*

For the defendant, *Elwood C. Harris* and *Charles L. Corbin.*

The opinion of the court was delivered by

GARRISON, J. This is a demurrer to a declaration. Plaintiff's action is founded upon the fourth section of a written contract between the parties, which is in these words:

"Article IV. The party of the first part hereby covenants and agrees to furnish the party of the second part at a reasonable price, the same to be paid for by said party of the second part, as many Anchor sewing machines and appurtenances as the party of the second part shall desire, the same to be used only by the party of the second part or its licensees, and the same to be returned on the termination of this contract to the party of the first part, on her repayment to the party of the second part the original cost of said Anchor sewing machines and appurtenances so returned. In case of the death or inability of the party of the first part to manufacture or furnish such machines and appurtenances, it is hereby agreed that the party of the second part may manufacture, or cause to be manufactured, said machines and appurtenances, to be used only by the said party of the second part or its licensees, and during the continuance of this agreement, and the same to be turned over to the party of the first part or her representatives or assigns, on the termination of this agreement, at cost price on her or their election to so purchase them."

The theory of the pleader is that this language constitutes an unqualified agreement by the defendant to make repayment for machines furnished under the contract when deliv-

ered to her at its completion, and that as a tender of one hundred and five machines has been made by the plaintiff, their original price is due from the defendant. The counter contention is, that by the language in question an option is given to the defendant to have the machines returned by making repayment of their original price, but that there is no unqualified agreement to make payment for machines returned at the will of the plaintiff, which is the case made by the *narr.*

I think that the defendant's interpretation is the correct one. The defendant's covenant concerns the furnishing of new machines to the plaintiff—their price and number—which last was to rest upon the desire of the plaintiff; the agreement by the plaintiff concerned the payment for the machines, their use and return, the last of which rested upon the repayment by the defendant of their original cost price. Giving to these words in their context their ordinary meaning and applying to each party the same rule of interpretation, the plain result is that the defendant must furnish all the new machines desired by the plaintiff, and that the plaintiff must return all the old ones desired by the defendant. The desire of the plaintiff for new machines must be by express order or implied acceptance, that of the defendant for their return must be by making or tendering repayment or some act to that effect. Under their contract the plaintiff can no more compel payment for old machines by making a voluntary return of them than the defendant could for new ones sent to the plaintiff against its desire. In each case there is an implied option.

It may be objected that this interpretation fails to note that in the latter part of the section an option is expressly given, whence it may be argued that when not expressly given none is intended. The option that is expressly given is when machines shall have been made by the plaintiff, and contemplates in one contingency the death of the defendant and the succession by her representatives; hence it may well be that the option should be an express one, as otherwise the cost

price could not be known by those who, not having made the machines, must make the tender of repayment. In the earlier clause the "original cost" being known to the defendant, its repayment is consistent with the exercise of the option without the necessity of its being expressly given or made. This interpretation is the only one that harmonizes with the contract as a whole. The object of the agreement is to grant the use of certain patents and to secure the royalties therefor; the agreement ran for sixteen years. The section cited is the only part of the contract that refers to the furnishing of machines. At the end of the period covered by the contract it is evident that the machines furnished under it would have depreciated from original cost in proportion to the length of time of their use. If the defendant must take them back and repay all that she received for them when new (and that is what is declared for), then simple interest upon the original cost is the rent of the machines—an almost inconceivable bargain and one not borne out by the language of the agreement. The other interpretation is on the contrary readily explicable; for after the expiration of the relation between the parties to the contract, the repurchase of all outstanding machines, whatever their age or condition, might be essential to the protection of the owner of the patents, hence she or her estate is given the right to have them returned on making the repayment of the original cost. This, as has been said, is an option and not an unqualified agreement upon which the plaintiff can rest its declaration. Judgment upon the demurrer is given for the defendant.